IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MARDEN SMITH VARELA PEREIRA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 9:26-CV-00184 |
| KRISTI NOEM, Secretary of the U.S. | § | JUDGE MICHAEL J. TRUNCALE |
| Department of Homeland Security; U.S. | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY; TODD LYONS, Acting Director | § | |
| of U.S. Immigration and Customs Enforcement; | § | |
| EXECUTIVE OFFICE FOR IMMIGRATION | § | |
| REVIEW; PAMELA BONDI, Attorney | § | |
| General of the United States; CARLO | § | |
| JIMINEZ, Acting Assistant Field Office | § | |
| Director of the Houston Field Office Of U.S. | § | |
| Immigration And Customs Enforcement; and | § | |
| ALEXANDER SANCHEZ, Warden, IAH Polk | § | |
| Adult Detention Facility, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Marden Smith Varela Pereira (Varela)'s Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Marden Smith Varela Pereira is a Salvadorian national who entered the United States illegally[1] in 2010. *See* [Dkt. 1 at ¶ 45]. On September 26, 2025, United States Immigration and Customs Enforcement (ICE) detained Varela. *Id.* at ¶ 2.

On March 6, 2026, Varela brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 1].

---

[1] Varela admits to entering the United States without inspection. [Dkt. 1 at ¶ 45]. Entry without inspection is a misdemeanor offense under 8 U.S.C. § 1325(a).

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Varela argues that the Government violated procedural due process[2] by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1 at ¶¶ 65–66]. Even if Varela were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Varela's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1 at ¶¶ 65–66]. Varela's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Varela's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[3] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a

---

[2] Varela also attempts a "substantive due process" argument based on "the absence of any individualized findings" that he is a flight risk. This argument is properly categorized as a procedural-due-process argument because it speaks to a lack of procedural safeguards.

[3] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Varela's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Varela's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Varela's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Varela to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### IV. CONCLUSION

It is therefore **ORDERED** that Varela's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 12th day of March, 2026.**

*Michael J. Truncale*

Michael J. Truncale
United States District Judge